Entered on Docket May 1, 2015

**Below is a Memorandum Decision of the Court.**



_____
**Paul B. Snyder
U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA**

In re:

**JEFFERY ALLAN MORTENSON
DAWN MARIE MORTENSON,**

Debtors.

Case No. 15-40137

MEMORANDUM DECISION

A hearing was held in this case on April 23, 2015, on a Motion to Dismiss with Prejudice or in the Alternative Convert this Case to One Under Chapter 7 filed by the Chapter 13 Trustee (Trustee), and an Amended Objection to Plan Confirmation, Motion to Dismiss, and Motion for Relief from Stay filed by various wage claimants (Wage Claimants). At the hearing, the Court denied the Wage Claimants' motion for relief from stay and also denied confirmation of Jeffrey and Dawn Mortenson's (Debtors) proposed Chapter 13 Plan. The Court took under advisement the issue of the Debtors' eligibility to be a debtor under Chapter 13 of the Bankruptcy Code. Based on the pleadings and arguments presented, the Court's Memorandum Decision is as follows:

The Wage Claimants are former employees of Jet Drywall, LLC (Jet Drywall). Jeffery Mortenson (Debtor) is the Managing Member of Jet Drywall. Prepetition, the Wage Claimants filed two state court complaints against various defendants, including Jet Drywall and the Debtors. One of the complaints was filed in King County Superior Court Case No. 13-2-18138-

MEMORANDUM DECISION - 1

**Below is a Memorandum Decision of the Court.**

0 (King County Case) and the other was filed in Thurston County Superior Court Case No. 13-2-00961-4 (Thurston County Case). The King County Case concerns back wages allegedly owed on a federal prevailing wage project, the Azure Ridge Apartments (Azure Project). The Thurston County Case concerns back wages allegedly owed on a state prevailing wage project, the Littlerock Apartments (Littlerock Project).

In September 2014, the U.S. Department of Labor (DOL) issued a determination that the Debtors owed 75 former Jet Drywall employees $193,987.96 in back wages on the Azure Project. On September 23, 2014, Debtor Jeffery Mortenson signed an Authorization to Pay Employees as a member of Jet Drywall, authorizing the prime contractor on the Azure Project to distribute $193,987.96 in back wages due his employees to the DOL.

On December 12, 2014, the Wage Claimants moved for summary judgment in the King County Case. The summary judgment motion was scheduled for hearing on January 15, 2015. On January 15, 2015, prior to the summary judgment hearing, the Debtors filed a voluntary Chapter 13 petition. On that same day, Jet Drywall filed a voluntary Chapter 7 petition (Bankruptcy Case No. 15-40136). The King County Superior Court was informed of the bankruptcy filings by counsel for the Wage Claimants, but still granted summary judgment in their favor. The Order Granting Plaintiffs' Motion for Partial Summary Judgment grants the Wage Claimants double damages, attorneys' fee and costs.

The Debtors' Chapter 13 case was a minimal petition filing. A Notice of Deficient Filing was issued setting a deadline of January 30, 2015, to correct the deficiencies. On January 29, 2015, the Debtors filed a proposed Chapter 13 Plan (Plan) and the required schedules and statements. The meeting of creditors was held on February 12, 2015. The Plan has not yet been confirmed.

According to the Summary of Schedules and Schedule F filed on January 29, 2015, the Debtors had $30,168.04 in unsecured debt at the time of filing. Schedule F lists the various wage claimants and for the amount of claim states "Notice Only." On the original Schedule F,

MEMORANDUM DECISION - 2

**Below is a Memorandum Decision of the Court.**

none of the claims are marked as contingent or unliquidated. Two claims are marked as "disputed." The disputed claims are stated as claims of Fidel Alonso, described as "Business debt-Litigation pending in Thurston County Superior Court Case No. 13-2-00961-4" and "Business debt-Litigation pending in King County Superior Court Cause No. 13-2-18138-0-KNT," with the amount of the claim "Unknown."

On February 6, 2015, the Wage Claimants filed Claim Nos. 5-29. The basis for each of these claims is stated as "Wage Theft Claim." Attached to each claim is an itemization of the wages allegedly due each claimant. The claims indicate that the claim amount is calculated by doubling the wages owed pursuant to RCW 49.52.050. Claim Nos. 30 and 31 were filed on February 9, 2015, and are for the wage claim attorneys' fees in the amount of $226,783.62 and $105,948.94 respectively. Attached to Claim No. 30 is the complaint filed against the Debtors and other defendants by the Wage Claimants in King County Superior Court. Attached to Claim No. 31 is the complaint filed against the Debtors and other defendants by the Wage Claimants in Thurston County Superior Court. The Debtors filed an objection to Claim Nos. 5-31 on April 23, 2015. A hearing on the objection to claims is scheduled for June 25, 2015.

An Amended Schedule F was filed by the Debtors on April 15, 2015. The only change on the Amended Schedule F was to also mark the two disputed claims of Fidel Alonso as contingent and unliquidated.

The Trustee and the Wage Claimants argue that the Debtors' bankruptcy case should be dismissed, or alternatively converted to Chapter 7, because the Debtors are not eligible to be a Chapter 13 debtor. Pursuant to 11 U.S.C. § 109(e)[1], only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 may be a debtor under Chapter 13. The Trustee and the Wage Claimants allege that the Debtors exceed these eligibility requirements.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. § § 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM DECISION - 3

**Below is a Memorandum Decision of the Court.**

Eligibility is determined as of the petition date. A debtor's eligibility under Chapter 13 "should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." In re Scovis, 249 F.3d 975, 982 (9th Cir. 2001). In this case, the Debtors have scheduled unsecured debt on Schedules E and F of only $30,168.04. Multiple creditors, however, are listed on the schedules as either "Notice Only" or with a claim amount of "Unknown." Such creditors are primarily the Wage Claimants. In designating the claims amount as "Notice Only" or as "Unknown" without stating a value amount, the Court must at a minimum make a cursory examination beyond the labels used by the Debtors in describing the claims. The Court does not find that such designation was misleading or in error, merely that in listing these creditors on Schedule F and by not placing an amount on the claim, it is necessary for the Court to go beyond the schedules to determine whether such claims are noncontingent, liquidated, unsecured debts that should be considered under § 109(e).

Initially, the Court concludes that the debts at issue are noncontigent because all events giving rise to the alleged liability occurred prepetition. See In re Fostvedt, 823 F.2d 305, 306-07 (9th Cir. 1987). Although the Debtors did mark two creditors as "contingent" on Amended Schedule F, the Debtors indicated at the April 23, 2015 hearing that they do not contest that the debt is noncontingent.

The primary issue in this case is whether the debts are also unliquidated. A debt is liquidated if it is capable of ready determination and precision in computation of the amount due. In re Nicholes, 184 B.R. 82, 89 (9th Cir. BAP 1995). The test for ready determination is whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a simple computation. Nicholes, 184 B.R. at 89; see also In re Ho, 274 B.R. 867, 874-75 (9th Cir. BAP 2002) (a debt is capable of ready determination and is thus liquidated, if an extensive and contested hearing is not necessary to establish the debtor's liability).

MEMORANDUM DECISION - 4

**Below is a Memorandum Decision of the Court.**

The Debtors argue that these debts are not capable of ready determination and rely in part on the fact that the state court proceedings have been pending for several years without entry of a valid judgment. Although an order on summary judgment was entered in the Wage Claimants favor in the King County Case on the day the petition was filed, this order was entered postpetition and is therefore void. In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992). The Ninth Circuit, however, has held that a finding of liability is not necessary for a debt to be liquidated. The law in the Ninth Circuit is that a "debt is liquidated if the amount is readily ascertainable, notwithstanding the fact that the question of liability has not been finally decided." In re Slack, 187 F.3d 1070, 1075 (9th Cir. 1999).

The Debtors also argue that this debt should not be counted towards the debt limit because the Wage Claimants should first seek payment from the funds being held by the DOL or from the Jet Drywall bankruptcy. These are the same arguments the Debtors have raised in objecting to these claims. For purposes of the § 109(e) analysis, however, it is irrelevant that funds may be available to pay the Wage Claimants from other sources. The Wage Claimants allege that the Debtors are jointly and severally liable for these debts with Jet Drywall. The Debtors have not disputed this allegation. Thus, this debt is a liability of the Debtors that is properly included in the § 109(e) analysis even if it could eventually be paid by another party. See Fostvedt, 823 F.2d at 306 (finding that a debt is liquidated for purposes of § 109(e) "regardless of the possibility that [the debtor's] co-obligors may eventually pay some or all of the debt").

The same appears to be true of the funds being held by the DOL. Although a portion of the funds released by the Prime Contractor to the DOL may eventually be available to pay a portion of the Wage Claimants' claims, the evidence before the Court indicates that as of the petition date, none of the Wage Claimants or the 56 other former employees that may be entitled to payment from these funds, have received any funds from the DOL. As indicated previously, a determination of eligibility is based on the existence of the debt as of the petition

MEMORANDUM DECISION - 5

date. See § 109(e). As of the petition date, no funds have been received that would reduce the amount of the debt. See also Slack, 187 F.3d at 1073 (the court cannot consider postpetition events for purposes of determining eligibility).

Although a judgment imposing liability has not been entered, the Court concludes that these debts are capable of ready determination. The Wage Claimants have filed proof of claims for a total dollar amount that exceeds $700,000. Approximately $378,000 of this amount is for wages owing (Claims 5-29) and $332,000 for attorneys' fees (Claims 30 and 31). A separate proof claim has been filed for each of the Wage Claimants setting forth the amount owed. Attached to each of the claims filed is an itemization of the time at issue, date incurred, and total wages allegedly owed each claimant. Accordingly, the wage claims can be easily calculated and are capable of ready determination without an extensive hearing. See, e.g. In re Nelson, 2006 WL 2091899 at *2 (Bankr. N.D. Cal. July 26, 2006) (where the bankruptcy court determined that wage claims would be subject to ready determination and precise computation merely by multiplying the hours worked by the appropriate rate, but for the fact that the debtor herself refused to supply the claimants with the necessary information).

The Debtors also argue that this Court should not consider the claims for attorneys' fees in determining eligibility. The Debtors, however, are over the debt limit even if attorneys' fees are not included. A total of $378,835.74 in wage claims has been filed. The Debtors listed an additional $30,168 in unsecured debt on Schedule F. These debts alone put the Debtors over the debt limit of $383,175, by $25,828.74. Thus, the Debtors are not eligible for Chapter 13 relief, even if the claims for attorneys' fees and expenses are not included. The Court is of the opinion, however, that the claims for attorneys' fees are also liquidated debts.

The fact that the Debtors may dispute the reasonableness of the attorneys' fees does not necessarily render the claims unliquidated. The Court disagrees with the Debtors that the Ninth Circuit Bankruptcy Appellate Panel (BAP) case of In re Wenberg, 94 B.R. 631 (9th Cir. BAP 1988), aff'd, 902 F.2d 768 (9th Cir. 1990), is inapplicable. Although the Debtors are

MEMORANDUM DECISION - 6

correct that Wenberg is distinguishable in that a declaratory judgment was entered in that case prepetition finding the debtor liable for damages, including attorneys' fees and costs, as previously stated, the test is not whether liability has been established, but whether the debt is readily ascertainable. In addition, in Wenberg the BAP specifically discussed the effect of a challenge to the "reasonableness" of fees on the eligibility determination and recognized that this "argument, however, fails to recognize that the bankruptcy court was not making a final determination as to the reasonableness of the attorneys' fees and costs" and that the debtors' objections to the reasonableness of the fees "are more appropriately addressed in a proceeding to determine the allowance of a specific claim under § 502 and should be separate from the application of § 109(e)." Wenberg, 94 B.R. at 635.

      The Court also disagrees with the Debtors that it is unfair to include such fees in the debt limit because they "had no reason to suspect the Union law firm had run up such exorbitant fees." Debtor's Response 17:8-9, ECF No. 33. Notice that an award of attorneys' fees and costs was being sought was clearly set forth in the complaints filed in both the King and Thurston County cases. It is also undisputed that attorneys' fees are recoverable under RCW 49.52.070, against any employee and any officer, vice principal or agent of any employer who violates the provisions of RCW 49.52.050(1) and (2). Although the order entered in the King County Case granting judgment against the Debtors for failure to pay wages and willful wage withholding and awarding attorneys' fees and costs is void, the Debtor admittedly signed the Authorization to Pay Employees for unpaid wages for work performed on the Azure Project, in which the Debtor acknowledged that he "understand[s] the nature of the violations" and that the payment "does not preclude the government from further action." Ellison Decl., Ex A, ECF No. 34. Accordingly, the Debtors were put on notice that attorneys' fees and expenses were being sought in both of these actions, and in regards to the Azure Project, that additional damages were not precluded by payment.

The attorneys' fees at issue are liquidated because they are capable of ready determination. Attached to Claims 30 and 31 are reports setting forth the total fees incurred in each case and total time incurred by each attorney/paralegal for various tasks. Although detailed time records have not been provided, this information is sufficient to calculate the total fees sought. As recognized by Wenberg, any objection to the reasonableness of such fees can be addressed in the claim objection process. In fact, an objection to these claims on that basis has already been filed by the Debtors (See ECF No. 41) and is scheduled for hearing on June 25, 2015. Such objection, however, does not render such debts unliquidated for purposes of § 109(e).

An even stronger argument exists for finding that the expense portion of these claims is liquidated. Attached to both Claims 30 and 31 is a Transaction Detail by Account itemizing the expenses sought as a part of each of these claims. Sufficient detail is provided to support these expenses making then easily calculable and capable of ready determination. This report lists the date the expense was incurred, for what amount, and a memo description of what each expense was for. The total expenses sought in Claim 30 are $7,913.12. The total expenses sought in Claim 31 total $5,873.94. Even if the Debtors were successful in arguing that the attorneys' fees were unliquidated based on a lack of detailed time records in support, the same is not true of the expenses. Again, the Debtors are over the debt limit without considering either of these claims, but the inclusion of the expense portion only provides further support for the conclusion that the Debtors are not eligible to be a Chapter 13 debtor.

The Court has considered all of the unsolicited pleadings filed after the April 23, 2015 hearing and hereby grants the motions to strike. Nevertheless, even if considered, the post-hearing substantive pleadings would not change the decision of the Court.

Accordingly, the Court concludes that the Debtors do not meet the eligibility requirements of § 109(e). The Trustee's pending motion to convert or dismiss is continued to May 21, 2015, at 1:00 p.m., for a determination as to whether conversion or dismissal of this

MEMORANDUM DECISION - 8

case is in the best interests of creditors and the estate pursuant to 11 U.S.C. § 1307. Any party choosing to file a brief in support of either conversion or dismissal must do so by May 14, 2015.

///End of Memorandum Decision///

MEMORANDUM DECISION - 9